In the Matter of A. & V. APPLI-
ANCE CO., Bankrupt.
No. 51473.

United States District Court
E. D. New York.
March 12, 1957.

**4**

Schwartz, Rudin & Duberstein, Brooklyn, N. Y., for trustee, by William J. Rudin, Brooklyn, N. Y., of counsel for the Motion.

Guadagno, Shugerman & Holzer, New York City, for Joseph J. Guadagno, Jr., by Howard Shugerman, New York City, of counsel in Opposition.

RAYFIEL, District Judge.

This is a motion by the Trustee in Bankruptcy herein to direct the Clerk of this Court to enter judgment against A. Alan Reich, Harold Peller, Joseph J. Guadagno, Jr., and Martin J. Caine, individually, and as co-partners trading as Reich, Peller, Guadagno and Caine, for the sum of $800.

The said A. Alan Reich, Harold Peller, Joseph J. Guadagno, Jr., and Martin J. Caine are lawyers, and were members of the aforementioned firm, which represented the debtor-bankrupt herein. The firm filed a petition for arrangement in this Court on behalf of the debtor, and acted as its attorney after it was adjudicated a bankrupt. Prior to the filing of the petition for arrangement the firm was paid a fee of $1,800 by the debtor-bankrupt for its services in connection with the proceedings relating to the said arrangement and subsequent bankruptcy.

After the adjudication the Trustee instituted a proceeding before Hon. Sherman D. Warner, Referee in Bankruptcy, under Section 60, sub. d of the Bankruptcy Act, Title 11 U.S.C.A. § 96, sub. d to review and reexamine the aforesaid fee of $1,800 paid to said law firm. The Referee, in an opinion dated December 22, 1955, found that the sum of $1,000 was "fair and adequate compensation" for the services of said firm, and directed that the excess of $800 should be turned over to the Trustee. An order to that effect was signed by Referee Warner on January 6, 1956. The order has not been complied with, and the Trustee now makes this motion to direct the Clerk to enter judgment against the said members of the law firm pursuant thereto.

I find no sanction for the relief sought by the Trustee. Section 60, sub. d, supra, gives this Court summary jurisdiction over an attorney who represents a bankrupt, and who has been directed by a Referee in bankruptcy to return to a Trustee any sum received by him in excess of the amount determined by said Referee to be a reasonable fee. The Trustee's remedy, however, is by a proceeding to punish such attorney for contempt for failure to obey the Referee's order. That is the procedure which should have been employed here. As is stated in Collier on Bankruptcy, 14th Edition, Volume 3, Section 60.70, page 1067, "Section 60(d) is *sui generis* and does not contemplate the bringing of plenary suits for the recovery of preferential transfers in any jurisdiction." And at page 1069, "Where a court with proper jurisdiction over the defendant orders restoration of the payment, *a failure to obey the order is a civil contempt of court*. The attorney cannot be imprisoned, however, if it is shown that he cannot comply with the order; but to purge himself of contempt he must categorically and in detail swear to the extent of his present resources of all kinds and show what became of the money taken." (Emphasis supplied.)

Apparently the Trustee held the same view, since an examination of the records of Referee Warner's office reveals that he made a motion returnable on February 23, 1956, for a certificate citing the said law firm for contempt. There was a default on the part of the law firm, but no order was entered.

The motion before me is therefore denied, without prejudice, however, to the Trustee's right to proceed with an application to punish the members of the firm for contempt.

Settle order on notice.